IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

Plaintiff,

v.

BULBRITE INDUSTRIES, INC.,

Defendant.

CIVIL ACTION NO.:

## COMPLAINT AND JURY DEMAND

Plaintiff Photographic Illustrators Corporation ("PIC" or "Plaintiff") brings this civil

action against Defendant Bulbrite Industries, Inc. ("Bulbrite" or "Defendant").

## THE PARTIES

1.      PIC is a Massachusetts corporation with a place of business at 467 Sagamore

Street, Hamilton, Massachusetts 01936.

2.      Upon information and belief, Defendant Bulbrite is a New Jersey corporation with

an office located at 145 West Commercial Ave, Moonachie, NJ 07074.

## JURISDICTION AND VENUE

3.      This is a civil action for injunctive relief and damages for violation of the

copyright laws of the United States, 17 U.S.C. §§ 101, et seq.; the Digital Millennium Copyright

Act, 17 U.S.C. §§ 1201, et seq.; et seq.; and for unfair and deceptive trade practices in violation

of Mass. Gen. L. ch. 93A.  Jurisdiction over the state law claim is proper under 28 U.S.C. §

1367.

4.      The amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338.

5.      Bulbrite does business in Massachusetts.

6.      Bulbrite operates a website (www.bulbrite.com).

7.      Bulbrite's website is accessible from Massachusetts.

8.      Through its website, Bulbrite advertises, sells, and offers for sale lighting products to online visitors, including online visitors located in Massachusetts, and invites visitors to its website to create online accounts.

9.      Bulbrite does not exclude Massachusetts consumers from visiting, interacting with, or making purchases through its website.

10.     This Court has personal jurisdiction over Bulbrite because Bulbrite: has transacted business in Massachusetts; has contracted to supply products in Massachusetts; and has injured PIC in Massachusetts by reproducing and distributing PIC's copyrighted images on Bulbrite's website (which can be accessed in Massachusetts) to advertise and sell products.

11.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391.

## PIC'S COPYRIGHTED IMAGES

12.     PIC specializes in photography, including photography of consumer products for catalogs, advertising, and product packaging.

13.     Over a span of years dating back to the 1960s, various companies, including Osram Sylvania, Inc. ("Sylvania"), have retained PIC to photograph certain of their products.

14.     PIC authored the 17 photographic images referenced in this Complaint (the "PIC Images") (attached as Exhibit A).

15.     Each of the PIC Images is a photograph that PIC created of a Sylvania product.

16.     PIC retains ownership of all right, title, and interest in the copyrights for the PIC Images.

17.     All of the PIC Images were made the subject of applications which matured into United States Copyright Registration Certificate Nos. VA 1-867-245; VA 1-902-861; VA 1-916-404; VA 1-916-409; VA 1-916-412; VA 1-916-456; VA 1-917-079; VA 1-917-085; VA 1-917-100; VA 1-917-108; and VA 1-933-930 (attached as Exhibit B).

18.     Bulbrite's infringement of the copyright in each PIC Image began after PIC's first publication of that PIC Image.

19.     Before publishing the PIC Images, PIC attaches, or includes therewith, the name of the author (Paul Kevin Picone), copyright owner (P.I. Corp.) and copyright notice (collectively, "PIC Copyright Management Information" of "PIC CMI"), as shown in the examples below:









20.     PIC followed this practice when providing its images to Sylvania, including for the PIC Images.

21.     For example, PIC provided to Sylvania the PIC Image entitled "T12 Bi-Pin Fluorescent Etch.tif" with PIC Copyright Management Information attached or included therewith, as shown below.  This PIC Image was registered with the Copyright Office on June 21, 2013 (Reg. No. VA 1-917-100).



**PIC Image**

T12 Bi-Pin Fluorescent Etch.tif

22.     Sylvania at least sometimes uses PIC Copyright Management Information on images authored by PIC, as shown in Exhibit C.

23.     When Sylvania provides copies of images authored by PIC to its distributors, it at least sometimes does so with PIC Copyright Management Information attached or included therewith, as demonstrated by the presence of PIC Copyright Management Information on or associated with images used by those distributors in Exhibit D.

**BULBRITE'S UNAUTHORIZED ALTERATION AND USE OF PIC IMAGES**

24.     Bulbrite includes on its website partial or whole copies of some of the PIC Images (the "Accused Images").

25.     Bulbrite makes available all of the Accused Images to its distributors and/or customers.

26.     At least 15 webpages from Bulbrite's own website, www.bulbrite.com (see Exhibit E), display or displayed one of the Accused Images.

27.     Each of the captured webpages in Exhibit E is owned and operated by Bulbrite.

28.     Each of the captured webpages in Exhibit E includes an Accused Image.

29.     On information and belief, Bulbrite altered copies of the PIC Images.  The PIC Images were altered using image editing software, such as "Adobe Photoshop."  PIC's unique orientation of the products, the location of the shadows and reflections, and the pattern of the background are visible in multiple Accused Images despite Bulbrite's removal of products in the PIC Images or other attempts to change the PIC Images.  Vestiges of these unique elements in the PIC Images are visible in multiple Accused Images, despite unsuccessful attempts by Bulbrite to remove them.

30.     On information and belief, Bulbrite altered the PIC Images using at least the following (or similar) steps, though not necessarily in the order recited below.  These steps are shown for the same image shown in paragraph 21 above.



| Copyrighted PIC Image | Accused Image (Bulbrite's Infringing Copy) |
|---|---|
| **Step 1: Crop PIC Image to Remove Background and PIC CMI** | **Accused Image (Bulbrite's Infringing Copy)** |
| **Step 3: Remove Sylvania Etching** | **Accused Image (Bulbrite's Infringing Copy)** |
| **Step 4: Add False "Energy Wiser" Etching** | **Accused Image (Bulbrite's Infringing Copy)** |

| Cropped PIC Image Enlarged to Show the Reflective Metal Portion | Identical Reflective Metal Portion in Accused Image (Bulbrite's Infringing Copy) |
|---|---|
|  | |

31.     Each of the captured Bulbrite webpages in Exhibit E includes an Accused Image without the PIC Copyright Management Information.

32.     For example, in the table below, the same PIC Image as shown in paragraph 21 is shown on the top left.  The image on the top right, without the PIC Copyright Management Information, appears on a webpage of Defendant's website pictured in the second row.

| PIC Image | Accused Image (Bulbrite's Infringing Copy) |
|---|---|
|  | |
| T12 Bi-Pin Fluorescent Etch.tif | |



http://www.bulbrite.com/products_en_9_140_415_0_0-15-Watt-1-5-.php

33.     Thus, even though PIC provides PIC Images to Sylvania with the PIC Copyright Management Information, and even though Sylvania at least sometimes uses PIC Images with the PIC Copyright Management Information, and even though Sylvania at least sometimes provides PIC images to its distributors with the PIC Copyright Management Information, Bulbrite nevertheless displays PIC Images on Bulbrite's website without the PIC Copyright Management Information.

34.     On information and belief, Bulbrite removed PIC Copyright Management Information from at least some of the PIC Images.

35.     Each of the captured webpages in Exhibit E uses Accused Images to advertise products of companies other than Sylvania.

36.     For example, in the table below, the same PIC Image as shown in paragraph 21 is shown on the top left.  The image on the top right is used to advertise a non-Sylvania (i.e., Bulbrite) product on the webpage of Defendant's website pictured in the second row.  The image on the top right also lacks PIC Copyright Management Information, and lacks a Sylvania etching.

| PIC Image | Accused Image (Bulbrite's Infringing Copy) |
|---|---|
|  |  |
| T12 Bi-Pin FluorescentEtch.tif | |



http://www.bulbrite.com/products_en_9_140_415_0_0-15-Watt-1-5-.php

37.     In addition to removing Sylvania etchings, Bulbrite also added superimposed, false non-Sylvania etchings to PIC Images (as demonstrated in paragraph 30).

38.     For example, in the table below, the same PIC Image as shown in paragraph 21 is shown on the top left.  The image on the top right has a superimposed, false non-Sylvania (i.e., Energy Wiser) etching on the product that appears on the webpage of Defendant's website pictured in the second row.  The image on the top right also lacks PIC Copyright Management Information, lacks a Sylvania etching, and is used to advertise a non-Sylvania product.

| PIC Image | Accused Image (Bulbrite's Infringing Copy) |
|---|---|
|  | |

T12 Bi-Pin FluorescentEtch.tif



http://www.bulbrite.com/products_en_9_140_415_0_0-15-Watt-1-5-.php

39.     PIC did not provide any PIC Images to Bulbrite.

40.     PIC did not provide the Accused Images to Bulbrite.

41.     On information and belief, Sylvania did not provide any PIC Images to Bulbrite.

42.     On information and belief, Sylvania did not provide the Accused Images to Bulbrite.

43.     PIC never authorized Bulbrite to use the Accused Images.

44.     On information and belief, Sylvania never authorized Bulbrite to use the Accused Images.

45.     Sylvania never authorized Bulbrite to use Accused Images without the Sylvania etchings.

46.     Sylvania never authorized Bulbrite to use Accused Images with superimposed, false, non-Sylvania etchings.

47.     Sylvania never authorized Bulbrite to use Accused Images to advertise products of companies other than Sylvania.

48.     Sylvania never authorized Bulbrite to use Accused Images without the PIC Copyright Management Information.

49.     Bulbrite has copied, distributed, and/or used—and continues to copy, distribute, and/or use—the Accused Images, at least on its website, to advertise and sell products.

50.     Bulbrite has never been, and is not currently, licensed or otherwise authorized by PIC to copy, distribute, and/or use the Accused Images.

51.     Bulbrite has never been, and is not currently, licensed by Sylvania to copy, distribute, and/or use the Accused Images, let alone to do so without the PIC Copyright

Management Information, to do so without Sylvania etchings, to do so with false etchings, or to advertise non-Sylvania products.

### DAMAGE TO PIC'S BUSINESS AND REPUTATION

52.     PIC's photography services and images enjoy an excellent reputation and have gained great value and recognition in the marketplace.

53.     For over three decades PIC has done business under the PIC name and has used the name of PIC's President, Paul Kevin Picone, in connection with PIC's services.  Through PIC's longstanding practice of attaching to each published PIC Image, or including therewith, the names "P.I. Corp." and "Paul Kevin Picone," consumers have come to associate these names with high-quality photography.  PIC thus has common law trademark rights in the P.I. CORP. and PAUL KEVIN PICONE marks ("PIC Marks").

54.     PIC relies on the PIC Marks and Copyright Management Information that it attaches to each of its images, or includes therewith, as its primary mode of advertising. Potential customers seek out and contact PIC using this information.

55.     PIC is not affiliated with Bulbrite and has not approved any of Bulbrite's uses of or alterations to PIC Images.

56.     By removing the PIC Marks and Copyright Management Information from the PIC Images, Bulbrite has removed PIC's primary advertisement vector, thereby depriving PIC of business opportunities.

### COUNT I
**(Copyright Infringement, 17 U.S.C. § 501)**

57.     PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

58.     Bulbrite has infringed PIC's copyrights in its PIC Images, in violation of 17

U.S.C. § 501, by copying, distributing, and/or using PIC Images without license or other

authorization.

59.     On information and belief, Bulbrite's infringement has been knowing and willful.

60.     Bulbrite's infringement has damaged PIC in an amount to be proven at trial.

61.     Unless stopped by an injunction, Bulbrite will continue infringing PIC's

copyrights in the PIC Images and will cause PIC to suffer irreparable harm for which there is no

adequate remedy at law.  Therefore, PIC is entitled to injunctive relief.

## COUNT II
### (Integrity of Copyright Management Information, 17 U.S.C. § 1202)

62.     PIC repeats and re-alleges the allegations of the paragraphs above as though fully

set forth herein.

63.     On information and belief, Bulbrite has intentionally removed or altered PIC

Copyright Management Information for the PIC Images without PIC's authorization, and/or

distributed copyright management information with knowledge that the PIC Copyright

Management Information was removed or altered without PIC's authorization, in violation of 17

U.S.C. § 1202(b).

64.     On information and belief, Bulbrite's violation of 17 U.S.C. § 1202 has been

knowing and willful.

65.     Bulbrite's violation of 17 U.S.C. § 1202 has damaged PIC in an amount to be

proven at trial.

66.     Unless stopped by an injunction, Bulbrite's behavior will continue and will cause

PIC to suffer irreparable harm for which there is no adequate remedy at law.  Therefore, PIC is

entitled to injunctive relief.

## COUNT III
### (Unfair And Deceptive Trade Practices, Mass. Gen. L. ch. 93A)

67.    PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

68.    Bulbrite is, and at all relevant times has been, engaged in commerce.

69.    Bulbrite's acts and/or omissions as described above (and the center of gravity of those acts and/or omissions) occurred primarily and substantially in Massachusetts.

70.    Bulbrite's acts and/or omissions as described above constitute unfair and deceptive trade practices under Mass. Gen. L. Ch. 93A.

71.    Bulbrite's unfair and deceptive trade practices impact the public interest by causing consumer confusion.

72.    Bulbrite's acts and/or omissions as described above were knowing and willful.

73.    Bulbrite's unfair and deceptive trade practices damaged PIC in an amount to be determined at trial.

74.    Unless stopped by an injunction, Bulbrite's behavior will continue and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law.  Therefore, PIC is entitled to injunctive relief.

### RELIEF REQUESTED

WHEREFORE, PIC requests that this Court:

A.    Enter judgment that the Court has jurisdiction over the parties to and subject matter of this action.

B.    Enter judgment that Bulbrite has infringed and continues to infringe PIC's copyrights in and to the PIC Images, pursuant to 17 U.S.C. § 501.

C.      Permanently enjoin Bulbrite, including its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from further infringement of the copyrights in and to the PIC Images, pursuant to 17 U.S.C. § 502.

D.      Order the recall, impounding, and destruction of all infringing copies made, used or distributed by Bulbrite in violation of PIC's exclusive rights in and to its PIC Images (and, in the case of electronic copies, order that all such copies be deleted from the computers or other storage means on which they reside), pursuant to 17 U.S.C. § 503.

E.      Direct Bulbrite to pay to PIC its actual damages and any additional profits realized by Bulbrite, pursuant to 17 U.S.C. § 504.

F.      Order that, in the alternative to actual copyright damages, at PIC's election, Bulbrite shall pay PIC statutory damages pursuant to 17 U.S.C. § 504.

G.      Enter judgment that Bulbrite has violated and continues to violate the Digital Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1202.

H.      Permanently enjoin Bulbrite, including its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from further violations of the Digital Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1203(b)(1).

I.      Order the impounding of all devices or products in the custody or control of Bulbrite that were involved in the violations of the Digital Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1203(b)(2).

J.      Direct Bulbrite to pay to PIC its actual damages and any additional profits realized by Bulbrite, pursuant to 17 U.S.C. §§ 1203(b)(3), 1203(c)(1)(A), and 1203(c)(2).

K.    Order that, in the alternative to actual damages, at PIC's election, Bulbrite shall pay PIC statutory damages pursuant to 17 U.S.C. §§ 1203(b)(3), 1203(c)(1)(B), and 1203(c)(3)(B).

L.    Enter judgment that Bulbrite has engaged and continues to engage in unfair and deceptive trade practices in violation of Mass. Gen. L. ch. 93A.

M.    Direct Bulbrite to pay to PIC its damages sustained as a result of Bulbrite's unfair and deceptive trade practices.

N.    Permanently enjoin Bulbrite, including its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from committing further unfair and deceptive trade practices, pursuant to Mass. Gen. L. ch. 93A.

O.    Enter judgment that Bulbrite's copyright infringements and unfair and deceptive trade practices have been knowing and willful.

P.    Enter judgment that Bulbrite's 17 U.S.C. § 1202(b) violations of the Digital Millennium Copyright Act have been knowing and intentional.

Q.    Order Bulbrite to file and serve a report in writing, and under oath, setting forth the manner and form in which it has complied with the Court's order and injunction.

R.    Award PIC its legal fees and costs in prosecuting this action, pursuant to 17 U.S.C. §§ 505, 1203(b)(5); Mass. Gen. L. ch. 93A, or other applicable law.

S.    Award PIC treble damages pursuant to Mass. Gen. L. ch. 93A or other applicable law.

T.    Award PIC such further relief as this Court may deem just and proper.

## JURY DEMAND

PIC hereby demands a trial by jury of all issues so triable.


Respectfully submitted,

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

By its counsel,


Dated:  August 20, 2015              */s/ Michael N. Rader*
                                     Michael N. Rader, BBO # 646990
                                     mrader@wolfgreenfield.com
                                     Turhan F. Sarwar, BBO # 686764
                                     tsarwar@wolfgreenfield.com
                                     Joshua J. Miller, BBO # 685101
                                     jmiller@wolfgreenfield.com
                                     WOLF, GREENFIELD & SACKS, P.C.
                                     600 Atlantic Ave.
                                     Boston, MA 02210
                                     Tel:  (617) 646-8000
                                     Fax: (617) 646-8646